# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DISTRICT

DARNELL W. MOON,        )
                           )
       Plaintiff,         )
                           )
       v.               )          No.  1:19-cv-17-ACL
                           )
DUNKLIN COUNTY JAIL, et al.,    )
                           )
       Defendants.      )

## MEMORANDUM AND ORDER

Before the Court is a document titled "Application for Preservation of Evidence," filed by Darnell W. Moon. Therein, Moon states he is "in the process of preparing a civil rights complaint against the officers at the Dunklin County Jail" and other individuals to redress violations of his constitutional rights that occurred in a medical isolation cell of the Dunklin County Jail in May and July of 2018. (Docket No. 1 at 1). He claims there is video footage of the cell on the dates in question, and he states that "[b]ecause of impending litigation, and in the interests of justice," he "asks this Court to enter an ORDER requiring Bob Holder, the Sheriff of Dunklin County Jail, or his designee (Nicole Green), to preserve said video footage on a DVD, and forward it to the undersigned judge, where it will remain in the custody of the Court until litigation is pursued." *Id.* (emphasis in original). Moon cites no authority for granting his request.

Moon's request will be denied, and this matter will be closed. Moon has only filed the instant Application. The Federal Rules of Civil Procedure set forth the normal course for beginning, conducting, and determining controversies, and they provide that there is one form of action – a civil action – that is commenced by filing a complaint with the court. *See* Fed. R. Civ.

P. 1, 3.  Moon has not met this requirement, nor has he made any attempt to set forth the jurisdictional basis for granting him the relief he seeks.

Even if Moon had plead a sufficient basis for jurisdiction and his Application could be construed as a motion for *ex parte* relief under Rule 65, he does not meet the requisite legal standard for the issuance of a temporary restraining order.  In fact, he makes no mention of the standard.  Additionally, the federal courts are not equipped to micro-manage the discovery conduct of litigants, recourse exists for improper litigation conduct, and this Court must give jail officials considerable discretion in the management of jail facilities.  *See, e.g., Sandin v. Conner,* 515 U.S. 472, 482-83 (1995) (courts must give prison officials considerable discretion to manage their institutions).

Finally, construing the Application as the complaint governing this action would not be helpful to Moon.  Moon has not paid the filing fee, and he would not be eligible for *in forma pauperis* status because he is subject to 28 U.S.C. § 1915(g).[1]  Therefore, the Court would be unable to permit him to proceed *in forma pauperis* unless he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Here, Moon alleges only past harm.  Nothing in his Application would support the finding that he is under imminent danger of serious physical injury.

For all of these reasons, the Court will deny Moon's request, and direct the Clerk of Court to close this case.

Accordingly,

**IT IS HEREBY ORDERED** that Moon's request for relief is denied.

---

[1] *See Moon v. United States of America*, 1:09-cv-0006-RWS (E.D. Mo. 2009); *Moon v. National Asset Recovery Services, Inc.*, 4:09-cv-0117-DDN  (E.D. Mo. 2009); and *Moon v. National Recovery Services, Inc.*, 4:09-cv-1129-DDN (E.D. Mo. 2009).

**IT IS FURTHER ORDERED** that that the Clerk of Court shall close this case.

Dated this 31st day of January, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE